

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 10, 1939

Honorable Dwight Whitwell
Assistant County Attorney
McKinney, Texas

Dear Sir:

Opinion No. O-677
Re: Whether homestead exemptions
can be extended in any
instances other than upon
affidavits made upon forms
furnished by the Comptroller.

We are in receipt of your letter of March 31, 1939, wherein you advise that certain taxpayers are claiming the benefit of the homestead exemption from State taxes and yet will not make the affidavit upon the forms promulgated by the Comptroller which requires that the property owner swear "that I am the owner of the following described real estate that I am now using as a residence homestead or have used as my residence homestead." The position taken by such property owners is that they neither reside upon the property nor have ever resided thereon, but have a homestead right therein by virtue of having acquired the same with the intention to convert the property into a homestead and having commenced improvement thereon. Your question is, in substance, whether the homestead exemption may be extended without the making of affidavits on the identical form furnished by the Comptroller.

Article 8, Section 1-a, Constitution of Texas, provides that:

"$3,000.00 of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purposes; . . ."

Manifestly, the exemption extended by the above constitutional provision was not intended to be confined to those instances where the property is or has been actually occupied, unless it should be that such previous or present occupancy is a pre-requisite to the claiming of the homestead exemption from forced sale or execution.

Actual occupancy is not an absolute essential in every instance to the right to claim the homestead exemption. Vacant property may be impressed with the homestead character when the head of a family, having no other homestead, has a definite intention, in good faith, to occupy the same as such and is manifesting such intention with actual preparatory acts in connection with the property such as to clearly show such intention, the good faith and the reality thereof. Brown v. Logan, 7 S. W. (2) 189; Broadland v. Bank, 15 S. W. (2) 112; Jolesch & Chaska Co. v. Hampton, 297 S. W. 271; Espinoza v. Cocke, 276 S. W. 1095; Grimes v. Cline, 300 S. W. 235; Whitham v. Kemp, 66 S. W. (2) 462.

Whether the homestead exemption has been established in any given instance is of course a question of fact. It would be impossible for a form of affidavit to be prepared by the Comptroller which would be applicable in all cases. It would likewise be just as impossible for us, or anyone else, to set down a guide from which it could be determined just when the homestead right exists. As indicated above, however, premises may become a residence homestead before actual physical occupancy, under some circumstances. In such instances, upon proper proof, the tax exemption may be extended without the making of affidavits on the identical forms furnished by the Comptroller.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N

APPROVED

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS